IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Philip P. MURPHY, Attorney at Law.

Supreme Court

*No. 83–1191–D. Filed January 18, 1984.*
(Also reported in 342 N.W.2d 243.)

*PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.*

This disciplinary proceeding was before the referee, Attorney Stewart Honeck, on a stipulation by the terms of which Philip P. Murphy, an attorney admitted to practice in 1947 and whose practice is located in Brookfield, admitted the allegations of misconduct set forth in the complaint filed by the Board of Attorneys Professional Responsibility. That misconduct consisted of neglect of three legal matters: (1) after having accepted a retainer to represent a person charged with robbery, Murphy failed to appear at a court hearing, resulting in the court's appointing a public defender to represent the client; (2) after being paid in full for his services rendered in a divorce action on behalf of one of the parties, Murphy failed to prepare and file the findings of fact and the judgment in that action, despite repeated demands from his client to do so; (3) after being appointed by the state public defender to represent a man charged with theft, Murphy failed to attend a hearing on the revocation of the man's probation and failed to attend a subsequent hearing, resulting in the man's being held in custody for six months, although he was subsequently released and the charge dropped when the complainant testified that the man was not the one who had committed the theft. In addition, Murphy admitted that he failed to reply adequately to the board's request for an explanation regarding his conduct concerning the matter described in (1), above, and failed to reply to the board's request for an explanation regarding his conduct in the matter described in (2), above.

The stipulation entered into by the board and Murphy also provided that Murphy's license to practice law be suspended for six months, commencing the date of the stipulation, October 31, 1983, that Murphy waived his right to a formal hearing and his right to appeal from

the referee's report and recommendation, and that Murphy pay the costs of the proceeding within 90 days of the court's order in the matter.

The referee approved the stipulation and made findings of fact and conclusions of law based thereon. The referee concluded that Murphy violated SCR 20.32(3) by neglecting the three legal matters and violated SCR 22.07 (2) by failing to respond to the board's request for information concerning two of them. The referee specifically refused to approve the stipulation as to discipline, stating that "the nature and extent or degree of discipline was exclusively for the court to determine." The referee recommended that Murphy's license be suspended for "not less than six (6) months" and that Murphy be required to pay the costs of the disciplinary proceeding within 90 days of the court's order. The referee did not state that the recommended suspension be deemed to have commenced on the date of the stipulation.

We are satisfied that a six-month suspension of Murphy's license, the minimum recommended by the referee, is appropriate discipline in this case. However, we are concerned that the record does not disclose that Murphy has not engaged in the practice of law since the date of the stipulation. We shall consider the six-month suspension of Murphy's license to have commenced on October 31, 1983, the date of the stipulation, if Murphy files an affidavit with the court on or before January 30, 1984, establishing that he ceased his practice of law from the date of the stipulation forward, as well as a copy of the letter sent by him to his clients notifying them of the cessation of his practice on that date. If no affidavit is timely filed or if the affidavit filed is not satisfactory to the court, the six-month suspension of Murphy's license shall commence on March 1, 1984.

IT IS ORDERED that the license of Philip P. Murphy to practice law in Wisconsin is suspended for a period of

six months, the commencement of which shall be the subject of a further order of the court.

IT IS FURTHER ORDERED that Philip P. Murphy pay to the Board of Attorneys Professional Responsibility within 90 days of the date of this order the costs of this disciplinary proceeding in the amount of $1,337.63, provided that if the costs are not paid within the time specified, the license of Philip P. Murphy to practice law in Wisconsin shall be revoked forthwith.